Argued March 4, affirmed May 13, 1970

ZEISZLER, *Respondent, v.* FIELDS ET AL,
*Appellants.*

469 P2d 34

*Bruce W. Williams*, Salem, argued the cause for appellants. With him on the briefs were Williams, Skopil, Miller & Beck, Salem.

*Fred Allen*, Newport, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before PERRY*, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE, HOLMAN and TONGUE, Justices.

O'CONNELL, J.

This is an action for damages for the wrongful death of plaintiff's intestate resulting from an intersection automobile collision. Defendants appeal from a judgment on a verdict of $91,247 for plaintiff.

The deceased, Larry Robinson, was a passenger in a vehicle driven by Ray Goul which was travelling in a southerly direction on 15th Street in Salem, Oregon. Defendant Paul Fields was operating his father's vehicle in an easterly direction on Norway Street, traveling toward the intersection of Norway Street and 15th Street. The two vehicles collided at the intersection causing Larry Robinson to be thrown out of the vehicle and which resulted in his death. Paul Fields could not recall any of the facts relating to the accident.

Three assignments of error are based upon the trial court's refusal to grant defendants' motion for a new trial.

The principal assignment of error charges misconduct of one of the jurors in failing to volunteer the fact

---

* Perry, C. J., did not participate in this decision.

on voir dire that she had sat as a juror on a previous case (*Warner v. Rich*), and had been castigated by the mother of the plaintiff in that case for the failure to bring back a verdict for her son. It is contended that this encounter could have influenced the juror to favor a verdict for plaintiff in the present case and that the failure to reveal this possible prejudice resulted in misconduct which prevented defendants from having a fair trial.

It is also alleged that seven jurors in the present case, who also served on the jury in *Warner v. Rich*, had read and discussed with the other jurors a letter to the editor of the Capital Journal in which the mother of the plaintiff in *Warner v. Rich* criticized the jury for its verdict in that case. It is contended that the jurors' knowledge of this letter could have prejudiced the members of the jury and that, therefore, they should not have been permitted to serve as jurors in the present case.

In *State v. Gardner*, 230 Or 569, 574, 371 P2d 558 (1962), we carefully examined the criteria for setting aside a verdict on the ground of a juror's misconduct. There we reaffirmed the principle previously announced "that verdicts should not be set aside except in those cases of 'utmost gravity and importance' where it is 'manifest that enforcement of the rule would violate the plainest principles of justice,'" adopting language from *McDonald v. Pless*, 238 US 264, 269, 35 S Ct 783, 59 L Ed 1300 (1915).

■ The circumstances recited in the affidavit of defendants' counsel in support of the motion for a new trial are not sufficient to characterize this as a case of sufficient gravity or importance to warrant the impeaching of the verdict. We held in *State v. Gardner*,

supra at 575, that "the verdict will stand unless the evidence clearly establishes that the misconduct constitutes a serious violation of the juror's duty and deprives complainant of a fair trial." We also noted that "[t]here is no way of stating the principle in more definite form" and that "the limits must be set on a case-by-case basis." The evidence recited in the affidavit in this case does not meet the foregoing test.

■ Defendants also contend that the trial court erred in giving plaintiff's requested instruction on the emergency rule. The vehicle in which plaintiff was riding proceeded into the intersection at approximately 20 miles per hour and the collision occurred when it was about 13 feet into the intersection. Plaintiff's driver testified that when he was about 20 feet from the intersection he looked to the right, that he could see 250 feet up the street, and "there wasn't anything." Plaintiff's driver was not joined as a defendant and the defendants did not charge plaintiff himself with contributory negligence.

Defendants contend that under these circumstances the emergency doctrine could have no application and constituted prejudicial error.

We do not think that the giving of the instruction is a basis for reversal. The jury could have felt that if plaintiff's driver was confronted with an emergency, he would not be at fault and defendant would be wholly at fault and that on the other hand if there was no emergency, plaintiff's driver might be wholly at fault. Therefore, contrary to defendants' contention, the instruction did have some relation to the evidence and was not reversible error.

The judgment is affirmed.